UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TAHISHA DAWSON,

                Plaintiff,                                        **ORDER**
                                                                            **11 CV 1753 (KAM)(LB)**

            - against -

PELICAN MANAGEMENT, INC.,

                Defendant.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff moves to amend the complaint in this employment discrimination action. For the reasons set forth below, plaintiff's motion to amend is granted in part and denied in part.[1]

## BACKGROUND

Plaintiff, proceeding *pro se* at the time, commenced this action against her former employer, defendant Pelican Management, Inc. ("Pelican"), on April 8, 2011. (Docket entry 1.) Plaintiff's complaint alleges that two of her supervisors, Sergeant Hector and Lieutenant Pervis, subjected her to a hostile work environment based on her gender and that defendant Pelican retaliated against her for complaining about the harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff's complaint further alleges that she was denied a reasonable accommodation for her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") when defendant Pelican terminated her employment while she was on leave. Defendant Pelican answered the complaint on May 9, 2011. (Docket entry 5.)

---

[1] As plaintiff's action has been referred to me for all pretrial supervision, Local Civil Rule 72.2, I can decide plaintiff's instant motion to amend the complaint. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.").

By Order dated July 12, 2011, the Court set August 12, 2011 as the deadline for plaintiff to amend the complaint or join additional parties, and set October 14, 2011 as the deadline for the parties to complete discovery. (Docket entry 13.) Counsel appeared on plaintiff's behalf on September 20, 2011, and filed the instant motion to amend on October 3, 2011. (Docket entries 15, 16, 17.) Plaintiff attaches a proposed amended complaint to the instant motion. (Docket entry 18-1, Prop. Am. Compl.) Specifically, plaintiff seeks to join Sergeant Hector and Lieutenant Pervis as defendants to this action and seeks to add claims under the New York City Human Rights Law ("NYCHRL") against Pelican, Hector, and Pervis for gender discrimination, disability discrimination, and retaliation.

Defendant Pelican opposes plaintiff's motion to amend on the grounds that plaintiff's proposed amendments would be futile and that plaintiff fails to show good cause for modifying the Court's deadline to amend the complaint under Rule 16 of the Federal Rules of Civil Procedure. (Docket entry 20, Def.'s Mem. of Law in Opp. to Pl.'s Mot. to Amend the Compl., ("Def.'s Opp."). Plaintiff has replied to defendant's opposition. (Docket entry 21, Mem. of Law in Reply to Def.'s Opp. and in Further Supp. of Pl.'s Mot. for Leave to File an Am. Compl. ("Pl.'s Reply").)

## DISCUSSION

**I.     Legal Standards**

**A.     Rule 16(b)(4) Standard for Modification of a Scheduling Order**

"Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334-35

(2d Cir. 2009) (citation and internal quotation marks omitted); see Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). "Whether good cause exists turns on the diligence of the moving party." Holmes, 568 F.3d at 335 (citations and internal quotation marks omitted).

**B.     Rule 15(a) Standard for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 129 S. Ct. at 1950. In deciding a motion to dismiss, the Court may consider, in addition to the complaint, documents that plaintiff attached to the

pleadings, documents referenced in the complaint, documents that plaintiff relied on in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge, and matters of which judicial notice may be taken. Chambers, 282 F.3d at 152-153.[2]

## II. Application of Rule 16(b) Standard

Pursuant to Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure, the Court set August 12, 2011 as the deadline for plaintiff to move to amend the complaint or join additional parties. Plaintiff now moves to amend over a month and a half after the deadline set by the Court. Defendant argues that the instant motion should be denied in its entirety because plaintiff fails to address the good cause requirement of Rule 16(b) in her motion and plaintiff's former *pro se* status does not constitute good cause for her failure to timely amend the complaint.[3] (Def.'s Opp., pp. 10-13.) In reply, plaintiff argues that good cause for modifying the Court's Scheduling Order exists because plaintiff filed this action *pro se* and moved to amend the complaint as soon as she retained counsel. (Pl.'s Reply, pp. 2-4.) The Court agrees that plaintiff exercised reasonable diligence by moving to amend as soon as she retained counsel to represent her in this action. Therefore, the Court finds that plaintiff has established good cause under Rule 16(b) of the Federal Rules of Civil Procedure to allow her to modify the Court's Scheduling Order which set August 12, 2011 as the deadline for plaintiff to move to amend the complaint.

---

[2] Defendant attaches the following documents to its opposition to plaintiff's motion to amend: a sworn affirmation from Vice-President Marc Goldfarb and the Determination and Order issued by the New York State Division of Human Rights on February 1, 2011. (Docket entries 20-1 and 20-3.) As the Court looks to the standard for a motion to dismiss under Rule 12(b)(6) when determining whether an amendment is futile, the Court may properly consider the administrative determination on the instant motion. See Muhammad v. N.Y. City Transit Auth., 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006) (citations omitted) (finding that an EEOC charge of discrimination and the agency determination could be properly considered on a motion to dismiss because plaintiff expressly referred to the charge in her complaint and the documents "are both public records, of which this Court may take judicial notice"). However, the Court does not consider the Goldfarb affirmation to decide the instant motion.

[3] Defendant argues that plaintiff first retained counsel in January 2011 and does not explain why that attorney did not file the original complaint herein. (Def.'s Opp., p. 13.) As the attorney who wrote a letter on plaintiff's behalf in January 2011 predates the filing of this action and is not the attorney who filed the instant motion to amend, defendant's argument regarding plaintiff's delay is without merit.

## III. Application of Rule 15(a) Standard

In the alternative, defendant argues that several of plaintiff's proposed causes of action would be futile and therefore plaintiff's motion to amend should be denied under Rule 15(a) of the Federal Rules of Civil Procedure with respect to these claims.

First, defendant argues that all of plaintiff's proposed claims under the NYCHRL against defendant Pelican are barred by the election of remedies doctrine.[4]  Section 8-502(a) of the New York City Administrative Code provides that:

> any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by an act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

N.Y.C. Admin. Code § 8-502(a).  Under this provision, NYCHRL claims, "once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002); see Petrisch v. JP Morgan Chase, No. 08 Civ. 4479 (RJS), 2011 U.S. Dist. LEXIS 3975, at *37 (S.D.N.Y. Jan. 11, 2011) (The election of remedies provision under the NYCHRL "preclude[s] a claimant who has filed a complaint with any local human rights agency from pursuing the same claims in a judicial forum.").  "The election-of-remedies bar is not limited to the precise claims brought in the administrative proceeding, but extends to all claims arising out of the same events." Wiercinski v. Mangia 57, Inc., No. 09-CV-4413 (ILG), 2010 U.S. Dist. LEXIS 66498, at *7 (E.D.N.Y. July 2, 2010).  "[A] plaintiff merely asserting a new legal theory in front of a court based on the same underlying conduct alleged at the Commission is barred from the judicial remedy sought."

---

[4] Defendant does not argue that plaintiff's proposed claims under the NYCHRL against Hector or Pervis are barred by the election of remedies doctrine.

5

Musaji v. Banco do Brasil, No. 10 Civ. 8541 (RJH), 2011 U.S. Dist. LEXIS 68161, at *14 (S.D.N.Y. June 21, 2011) (citing cases). In determining whether a particular claim is barred under the election of remedies provision of the NYCHRL, the Court should consider "whether a sufficient identity of issue exists between the complaint before the division and the instant claim." Id. at *15 (quoting Spoon v. Am. Agriculturalist, Inc., 478 N.Y.S.2d 174, 175 (N.Y. App. Div. 1984)).

Here, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("DHR") on October 16, 2009. (Prop. Am. Compl., ¶ 4; Def.'s Opp. at Ex. B.) The parties have not provided the administrative charge filed by plaintiff with the DHR. Rather, defendant has provided the Determination and Order issued by the DHR on February 1, 2011. (Def.'s Opp. at Ex. B.) The Determination and Order reflects that plaintiff named Pelican as the only respondent in the administrative proceeding and that plaintiff alleged that Hector sexually harassed her, that she made an internal complaint about the harassment in September 2008, that Pelican retaliated against her for complaining, and that Pelican did not allow her to return to work after she went on leave in September 2009. (Id.) The DHR dismissed plaintiff's case, finding that Pelican did not retaliate against plaintiff for filing an internal complaint regarding the harassment and that Pelican did not discriminate against plaintiff on the basis of her disability or sex by requiring medical clearance for plaintiff to return to work. (Id.)

The election of remedies provision under the NYCHRL precludes plaintiff from asserting claims against defendant Pelican for a hostile work environment based on Hector's alleged conduct, retaliation, and disability discrimination, as according to the Determination and Order, the facts underlying those claims were first alleged at the DHR. However, upon the instant record, the Court cannot conclude that plaintiff's motion to amend the complaint to add a hostile

work environment claim under the NYCHRL based on Pervis's alleged conduct would be futile. Such a claim appears to be based on conduct that is different than that alleged by plaintiff at the DHR and therefore would not be barred by the election of remedies provision in the NYCHRL.

Second, defendant argues that plaintiff failed to exhaust her claims regarding the alleged conduct of both Hector and Pervis and therefore plaintiff's Title VII claims against Hector and Pervis should be denied as futile.[5] However, plaintiff does not raise Title VII claims against the individual defendants in the proposed amended complaint. Rather, plaintiff's proposed causes of action under Title VII are brought only against defendant Pelican. (Prop. Am. Compl., p. 7.) The Court agrees that had plaintiff raised Title VII claims against defendants Hector and Pervis, those claims would be futile because Title VII does not provide for individual liability. See Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII.").

Even if defendant were to argue that plaintiff failed to specifically exhaust those Title VII claims against defendant Pelican which are based on the conduct of Hector and Pervis, the Court would not bar plaintiff from including those claims in the amended complaint on the instant record. "Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). "Claims not raised in an EEOC complaint, however, may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." Id. at 70 (citation omitted). A claim is considered reasonably related "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was

---

[5] Defendant states that "the proposed amended complaint adding causes of action one and two against Hester and Pervis should be denied." (Def.'s Opp., p. 9.)

made," if the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge," or if the plaintiff "alleg[es] retaliation by an employer against an employee for filing an EEOC charge." Id. "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (internal quotation marks and citation omitted). "The 'reasonably related' exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering." Williams, 458 F.3d at 70 (internal quotation marks and citation omitted).

Here, the charge of discrimination filed by plaintiff with the DHR is not part of the instant record. Defendant does provide the Determination and Order issued by the DHR, which summarizes plaintiff's allegations. Although the DHR's Determination and Order does not refer to any conducted by Pervis, it does state that plaintiff "alleged she was sexually harassed by her supervisor Hester, who would direct unwanted attention and comments towards her." (Def.'s Opp. at Ex. B.) The Court cannot conclude that plaintiff's Title VII hostile work environment claims based on the conduct of Hector and Pervis were not presented to the DHR or that they are not reasonably related to the allegations that were presented to the DHR.[6]

Finally, defendant argues that plaintiff's proposed claims under the NYCHRL against Hector and Pervis are barred by the statute of limitations.[7] Defendant states that there is a one year statute of limitations "to commence an action in the New York Division of Human Rights"

---

[6] This Order does not preclude defendant from raising exhaustion as a defense or making whatever motion it deems appropriate at a later stage of the case.
[7] Defendant does not argue that any of plaintiff's Title VII claims are time barred.

8

and plaintiff failed to timely file a charge of discrimination with the DHR regarding the harassment allegedly committed by Hector and Pervis. (Def.'s Opp., p. 10.) Specifically, defendant contends that plaintiff filed her charge with the DHR more than one year after the actions allegedly taken by Hector and never brought her claims regarding Pervis to the DHR.

Defendant confuses the statute of limitations to file an administrative complaint under NYCHRL with the statute of limitations to file a civil action under the NYCHRL. Section 8-109 of the New York City Administrative Code, the section cited by defendant, provides that "[t]he commission shall not have jurisdiction over any complaint that has been filed more than one year after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence as set forth in chapter six of this title occurred." N.Y.C. Admin. Code § 8-109(e). However, the relevant provision of the NYCHRL provides that a civil action "must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment." N.Y.C. Admin. Code § 8-502(d). Plaintiff alleges in the amended complaint that Hector began supervising her in September 2009 and "created a hostile atmosphere where Plaintiff was constantly being sexually harassed by Sergeant Hector." (Prop. Am. Compl., ¶¶ 16-19.) Plaintiff further alleges that Lieutenant Pervis sexually assaulted her in September 2009 by grabbing her around the waist and shoving her into the locker room. (Id. at ¶¶ 20-24.) As the events giving rise to plaintiff's proposed claims against Hector and Pervis occurred within the three-year statutory period, plaintiff's NYCHRL claims against Hector and Pervis are not barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend is granted in part and denied in part. Plaintiff's motion to amend is denied regarding plaintiff's proposed claims under the

NYCHRL against defendant Pelican for a hostile work environment based on Hector's alleged conduct, retaliation, and disability discrimination, as these claims are barred by the election of remedies provision under the NYCHRL. Plaintiff's motion to amend is granted regarding all other proposed claims. Plaintiff shall file an amended complaint omitting the fifth and sixth proposed causes of action as well as the disability discrimination claim in the third proposed cause of action by November 2, 2011. The Clerk of Court shall file the amended complaint, amend the caption to include defendants Hector and Pervis, and issue summonses. The Court stays defendant Pelican's response to the amended complaint until defendants Hector and Pervis have been served with process. Although the Court granted plaintiff's application to proceed *in forma pauperis* and the Court therefore directed the United States Marshals Service to serve the original complaint on defendant Pelican (docket entry 3), the Court assumes that plaintiff's counsel will obtain the summonses from the Court and will effect service of process on the newly named defendants. Defendant's counsel shall provide plaintiff's counsel with current service addresses for Hector and Pervis if they are still employed by defendant Pelican by November 9, 2011. If they are not still employed by defendant Pelican, defendant's counsel shall provide their last known addresses by this date.

Discovery is hereby stayed pending defendants' response to the amended complaint. Once defendants have responded to the amended complaint, the Court will schedule a conference and set the new deadline for completion of discovery.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: October 28, 2011
      Brooklyn, New York