UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TAHISHA DAWSON,

                                              11-CV-1753 (KAM) (LB)

                Plaintiff,

    -against-

PELICAN MANAGEMENT, INC.

                Defendant.

--------------------------------------------------------X

**Defendant's Memorandum of Law in Opposition to
Plaintiff's Second Motion to Amend the Complaint.**

                              Respectfully Submitted,

                              /s/ Michael R. Koenig
                             Michael Koenig, Esq. (MK6841)
                             Attorney for Defendant
                             524 North Avenue
                             New Rochelle, New York 10801
                             914-235-3200 x546

To:    William Philips, Esq.
        Philips and Philips
        Attorney for Plaintiff
        30 Broad Street, 35th Floor
        New York, New York 10004
        (212) 248-7431

# Table of Contents

Page(s)

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Standard for Amending Pleading . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Statement of Material Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

    Point I- It would be highly prejudicial to add new unrelated
    Causes of Action to this Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

    Point II- Plaintiff's proposed amendment would require defendants
    to expended significant additional resources  . . . . . . . . . . . . . . . . . . . . .   11

    Point III- Plaintiff's proposed amendment would cause additional
    delays to the resolution of this matter. . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Point IV – Plaintiff's proposed amended causes of actions are all futile. . . .   14

    a.   Hester and Pervis are not "Joint Employers" . . . . . . . . . . . . . . . . .   14

    b.   Getting dressed was not integral and indispensible to the
       Pelican's principal activities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

    c.   Plaintiff's claims are barred by FLSA statute of limitations. . . .   18

    d.   Plaintiff's FLSA and NYLL are futile even if everything in her
       proposed additional causes of action are accurate. . . . . . . . . . . .   21

Point V- Amended Complaint is brought in Bad Faith . . . . . . . . . . . . . . . . . .   22

Point VI: Plaintiff has not established good cause under Federal Rule
of Civil Procedure 16(b) for modifying the scheduling order to allow
amendments of the Complaint or for the delay in seeking the amendment . . .   23

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

# Table of Authorities

***Cases:***                                                                    **Page(s)**

Adams v Alcoa, Inc.  822 F.Supp2d 156 (N.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . .    17

Albrecht v Wackenhut Corp., 379 Fed Appx. 65 (2nd Cir. 2010). . . . . . . . . . . . . . . .    17

Amnay v. Del Labs, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) . . . . . . . . . . . . . . .    23, 25

Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985). . . .    10, 12

Barfield v New York City Health and Hospitals, 537 F.3d at 143 . . . . . . . . . . .    15

Blankenship v. Thurston Motor Lines, Inc., 415 F.2d 1193, 1198 (4th Cir.1969) . .    21

Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) . . . . . . . . . . . . . . .    12

Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir.1984) . . . . . . . . . . . . . . . .    15

Chapman v YMCA of Greater  Buffalo 161 FRD 21 (WDNY 1995) . . . . . . . . . . . .    10

Chardon v. Fumero Soto, 462 U.S. 650, 659 (1983) . . . . . . . . . . . . . . . . . . . . . . . . .    11

Contemporary Mission Inc v New York Times Co 665 FSupp 248 (SDNY 1987) . . .    20

Covington v. Kid, 1999 U.S. Dist. LEXIS 64 fn. 1 (S.D.N.Y. Jan. 7, 1999) . . . . . . . . .    24

Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) . . . . . . . . . . . . . .    8, 19

Davis v. Lenox Hill Hosp., No. 03-3746, 2004 WL 1926086,  (SDNY Aug. 31, 2004) .    8, 12

Evans v Syracuse City School District  704 F2d 44 (2nd Cir. 1983) . . . . . . . . . . . . . . .    10

FLSA Clarke v JP Morgan Chase Bank, NA 08 Civ 2400(CM) 2010 WL 1379778
(SDNY March 26 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

Forzley v AVCO Corp Electronics Division 826 F2d 974 (11th Cir 1987) . . . . . . . . . .    20

Gorey v Manhein Services Corp., 788 Fsupp2d 200 (SDNY 2011) . . . . . . . . . . . . . . .    14

Gorman v The Consolidated Edison Corporation,  488 F3rd 586 (2nd Cir. 2007) . . . . . .    17

Haight v Wackenhut Corp., 692 F.supp.2d 339 (S.D.N.Y 2010) . . . . . . . . . . . . . . . . .    17

Health-Chem Corp. v. Baker, 915 F.2d 805, 809-810 (2d Cir. 1990). . . . . . . . . . . . . . .    8

Hensley v. MacMillan Bloedel Containers, 786 F.2d 353, 357 (8th Cir.1986) . . . . . . . . .  21

*In re Agent Orange Litigation,* 220 FRD 22 ( EDNY 2004) . . . . . . . . . . . . . . . . . . . . .  24

In re Am Int'l Group Inc. Sec. Litig., No. 04-8141, 2008 WL 2795141,
SDNY July 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,10,11, 12

Kassner v. 2nd Avenue Delicatessen Inc, 496 F.3d 229, 244 (2d Cir. 2007) . . . . . . . . . .  24

Luedke v. Delta Air Lines, Inc., No. 92-1778, 1993 WL 313577, (S.D.N.Y. Aug. 10, 1993) .8

Marine Midland Bank v. Keplinger & Assocs., Inc., 94 F.R.D. 101, 103 (S.D.N.Y. 1982). . 9

Melvin v. UA Local 13 Pension Plan, 236 F.R.D. 139 (W.D.N.Y. May 18, 2006) . . . . . .  24

Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000) . . . . . . . . . . . . . . . . .  23

Rent-A-Center Inc v 47 Mamaroneck Ave. Corp., 215 F.R.D. 100(SDNY April 9, 2003). 23, 24

Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 . . . . 18

Trezza v. NRG Energy, Inc., 2008 U.S. Dist. LEXIS 15478 (S.D.N.Y. Feb. 28, 2008) . . . 24

United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 494 (2d Cir.1961) . . . . .  21

Valdez Ex Rel Donely v United States 518 F 3rd 173 (2nd Cir. 2008) . . . . . . . . . . . . . . .  20

Woe v Mathews 408 F.Supp 419 (EDNY 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31, 91 S.Ct. 795, 802, 28
L.Ed.2d 77 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Zheng v Liberty Apparel , 355 F.3d 61 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . .  15

**Statutes:**

*Fed. R. Civ. Proc. 15* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 12, 20, 23, 24
*Fed. R. Civ. Proc. 16(b)(3)(A)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23
29 U.S.C. § 206. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
29 U.S.C. § 207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17, 21
29 U.S.C. § 254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
29 CFR §790.21(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

**Memorandum:**

Wage & Hour Adv. Mem. No. 2006–2 (May 31, 2006) . . . . . . . . . . . . .  17

## Preliminary Statement

Plaintiffs' Second Motion to Amend its complaint should be denied in its entirety as Plaintiff attempts to introduce a completely new set of operative facts and wholly different statutes and causes of action. Amendment of Plaintiffs' Complaint at this late date is extremely prejudicial to the defendants, would result in the need to re-open discovery and would cause additional protracted litigation at great cost and expense to the Defendants. In addition the proposed amendments are all futile.

Plaintiff was employed by Pelican from February 2008 to December 23, 2009 when the relationship ended as a result of Plaintiff's abandonment of her position due to her failure to make any communication with the company after she exhausted her family medical leave period.

Plaintiff's original complaint listed defendant Pelican Management, Inc ("Pelican") as the sole defendant under various claims related to alleged sexual harassment and discrimination while she was employed for the company. Plaintiff's first amended complaint filed on November 1, 2011 added additional claims against Pelican and added Defendant's Gregory Hester ("Hester") and Johnnie Purvis ("Purvis")(identified as Lieutenant Pervis and Sergeant Hector). All of the new causes of action outlined in the first amended complaint were related to the alleged harassment and discrimination claims outlined in the original complaint. The new causes of action in the proposed second amended complaint include wholly discrete claims for wages and overtime related to Plaintiff's newly raised claim that she was required to report to work 15 minutes prior to her shift to get dressed into

uniform and walk fifty feet from the locker room to the security command center for which time she is alleging she was not compensated. Plaintiff attempts to add causes of action under the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").   Plaintiff has not submitted any proof to support these allegations other than the deposition transcript of Purvis, who has submitted an affidavit clarifying his deposition testimony (see attached).   Notwithstanding the aforementioned, even if Purvis' testimony was accurate, the 15 minutes of uncompensated time are not a violation of the FLSA or the NYLL as  dressing  or "donning and doffing" are exempt under the Portal to Portal Law  Plaintiff also proposes claims for alleged failure to post Federal Law Employee Rights and failure to maintain employee records neither of which are supported by any proof or mentioned in its moving papers other than in the amended complaint itself.  In response defendants herein provide proof that the posting requirements have always been complied with, and that the proper employee records have always been maintained.

The new causes of action are clearly without merit and not supported by any personal affidavit of knowledge.  In addition, the new causes of action do not relate to any causes of action outlined in the complaint which have a theme of harassment; but are related to a completely new set of actions related to wages and hours.

Plaintiff also frivolously puts forth a futile cause of action under FLSA and NYLL for minimum wages and overtime charges.  Even if Plaintiff was to prevail on her 15 minute/day claim the average weekly amount she was paid on an hourly rate was far in excess of the New York State and Federal Minimum Wage Rate. Accordingly, the additional 1.25 hours per week of time Plaintiff is looking to be

compensated would reduce her weekly pay from $13.00 per hour to approximately $12.60 per hour which is approximately $5.00 per hour more than the New York State Minimum Wage rate at the time of $7.25 per hour.

Plaintiff also conveniently ignores the fact that she (along with all security officers at the property) only worked 37.5 hours per week and were given a paid meal break of thirty minutes per shift.  Accordingly, the 15 additional minutes per day she wrongfully claims are due would still render her work week less than the statutory 40 hour maximum wage when overtime compensation would be achieved.

The new proposed causes of action are completely separate matters and seek to add a class action component to this proceeding.   At this juncture of the proceeding over a year into the commencement of the litigation and less than a week before the courts discovery cut-off date of May 18, 2012, the Plaintiff wants to add new additional causes of action, that are barred by statute of limitations, futile and which would wrongly cast  two supervisors who were employees of Pelican Management, Inc as "joint employers".   For these reasons and the law outlined below Plaintiff's Second Motion to Amend its Complaint must be denied in its entirety.


### *STANDARD FOR AMENDMENT OF PLEADING*

Pursuant to Federal Rule of Civil Procedure 15(a), a party is permitted to amend its complaint only "when justice so requires." The many reasons for properly denying leave to amend include undue delay, prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, or futility of the amendment. *See*

*In re Am. Int'l Group, Inc. Sec. Litig.,* No. 04-8141, 2008 WL 2795141, (S.D.N.Y. July 18, 2008) citing *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d. Cir. 1995); *Davis v. Lenox Hill Hosp.,* No. 03-3746, 2004 WL 1926086,  (S.D.N.Y. Aug. 31, 2004) citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Leave to amend is not proper where, as here, the proposed amendment would require the opposing party to expend significant additional resources, significantly delay the resolution of the dispute, or otherwise result in prejudice. *See In re Am. Int'l Group,* 2008 WL 2795141, (S.D.N.Y. July 18, 2008) quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d. Cir. 1993). *See also Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990) which denied leave to amend because the amendment would result in prejudice to opposing party.

Finally, even in the absence of prejudice or undue delay, leave to amend should nonetheless be denied where the proposed amendment would be futile. *See Health-Chem Corp. v. Baker,* 915 F.2d 805, 809-810 (2d Cir. 1990). This Court has routinely denied motions to amend where a plaintiff could not recover on the proposed amended cause of action thus rendering the amendment futile. *See, Luedke v. Delta Air Lines, Inc.,* No. 92-1778, 1993 WL 313577, (S.D.N.Y. Aug. 10, 1993)

**Because common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.**  Applying these standards to the present case, the Court should deny Plaintiffs' Motion for leave to amend.

## Statement of Material Facts

The Material Facts relevant to this opposition to the motion are set forth in the accompanying affirmations of Pelican's Human Resource Director Richard Marynowski, Pelican's Captain of Security Christopher Cordes, and defendant Johnnie Purvis and, and are discussed in the Argument below.

## Argument

### Point I- It would be highly prejudicial to add new unrelated Causes of Action to this Litigation

"Perhaps, the most important factor to be taken into consideration by the court in assessing a motion to amend is whether the opposing party will be unduly prejudiced if the proposed amendment is permitted." *See Marine Midland Bank v. Keplinger & Assocs., Inc.,* 94 F.R.D. 101, 103 (S.D.N.Y. 1982) citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971) and *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 384 (2d Cir. 1968). In determining whether prejudice exists, courts should consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." In re *Am. Int'l Group,* 2008 WL 2795141, quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993).

"Additionally, a proposed amendment causes undue prejudice if, at an advanced stage of litigation, the amendment concerns 'an entirely new set of operative facts of which it cannot be said that the original complaint provided fair

notice.' " In re *Am. Int'l Group,* 2008 WL 2795141, quoting *Ansam Assocs., Inc. v. Cola*

*Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985).

Prejudice has been found when the proposed amendment contained an

unexpected allegation or defense. *Evans v Syracuse City School District* 704 F2d 44

(2nd Cir. 1983)

Prejudice may result where the amendment seeks to add a new claim,

derived from a different set of facts of which the original complaint and did not

provide adequate notice *Chapman v YMCA of Greater  Buffalo 161 FRD 21 (WDNY*

*1995)*

Plaintiff seeks to amend it complaint to add six completely new and different

causes of action unrelated to any of the operative facts or statutes outlined in its

original or first amended complaint including claims by way of class action with  one

week left for discovery.  The proposed amendment is  designed to open this case to a

potential class action suit of which the putative class would have nothing in common

with the harassment and discrimination claims outlined in the original complaint or

the first amended complaint.  The original complaint, as well as the first amended

complaint, does not provide any advance notice of these potential causes of action.

The additional causes of action as related to a potential class action do not

predominate the current causes of action.   Even if the new cause of action and

potential class members have a viable claim (which they do not) the new claim

would better be examined in a separate action as it raises new issues and a different

array of defendants,  including some who will be potentially testifying against the

plaintiff in the instant proceeding.

Litigating her individual claims, which do not arise out of the same transaction or occurrence as the class claims, will divert the parties' and the Court's attention from the claims of the putative class members, create jury confusion, and undermine the purpose of the class action vehicle, which is to promote efficiency and economy of litigation. *See Chardon v. Fumero Soto,* 462 U.S. 650, 659 (1983). It would also create untenable conflicts as the proposed class includes Defendants' witnesses and possibly even the individual Defendants' themselves.

The proffered additions to the complaint here would unjustifiably interject entirely disparate issues into and tend to obfuscate the difficult questions presented in the main lawsuit.  The interest of justice would not be served by adding these completely different claims to this lawsuit.  See *Woe v Mathews* 408 F.Supp 419 (EDNY 1976)

## II. **Plaintiff's proposed amendment would require defendants to expended significant additional resources**

There would be undue prejudice to the defendants if Plaintiff was permitted to amend their class action complaint at an advanced stage of litigation, as Plaintiffs are attempting to do here. In re *Am. Int'l Group,* 2008 WL 2795141.  In *Am. Int'l Group,* class action plaintiffs sought "to add new and unrelated claims as well as new defendants" after the parties had engaged in extensive discovery.  In addition the court held that the addition of new defendants and new claims "concern[ed] an entirely new set of documents and custodians as well as an entirely new theory of relief."  The Court concluded that the potential prejudice to defendants triggered by plaintiffs' proposed amendment warranted denial of plaintiffs' motion to amend.

Here, as in *Am. Int'l Group,* the defendant's would be unduly prejudiced if Plaintiff's' motion were granted because it would be required to expend significant additional resources to defend against the newly asserted claims, much of which were not previously raised in this case and reopen and conduct additional class discovery.  It is unavoidable that "the proposed amendment would impose new discovery burdens in this litigation" *In re Am. Int'l Group,* 2008 WL 2795141.  In light of the significant burden Defendants' Plaintiffs' motion to amend should be denied. *See Davis v. Lenox Hill Hosp.,* No. 03-3746, 2004 WL 1926086, (S.D.N.Y. Aug. 31, 2004) which denied leave to amend where "[plaintiff's] proposed amendments would change the nature of the claims in this case and would require the defendants to 'expend significant additional resources to conduct discovery and prepare for trial.' *Block v. First Blood Assocs., 988 F.2d 344 (2nd Cir. 1993).*

In *Ansam Associates,* the party was seeking to amend a complaint to assert new claims concerning a different period of time, derived from a different statute and alleging an entirely new set of operative facts of which the original complaint did not give fair notice. 760 F.2d at 446.

Although generally leave to file an amended pleading "shall be freely given," Fed.R.Civ.P. 15(a), "the trial court [is] required to take into account any prejudice" that might result to the party opposing the amendment. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Plaintiff's new claims concerned a different period of time and were derived from a different statute. The proposed claims allege an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice."

Moreover, permitting the proposed amendment would have been especially prejudicial given the fact that discovery is about to expire.

This holdings mirror the facts of the instant proceeding and accordingly the motion to amend to add completely new set of facts under new causes of action is highly prejudicial and must be denied.

### III. Plaintiff's proposed amendment would cause additional delays to the resolution of this matter

This case was filed by Plaintiff on April 8, 2011. Thereafter, on November 1, 2011, Plaintiffs filed an Amended Complaint in which they added Hester and Purvis as additional defendants in the case as well as additional causes of action related to the theories of harassment and discrimination. Extensive discovery has since been undertaken between the parties, including the exchange of voluminous documents and data, the completion of depositions, the exchange of expert reports, and the completion of plaintiff's expert depositions. The Plaintiff requested and received an extension of the discovery deadline, which was initially scheduled to conclude on October 14, 2011. *See* Order, J. Bloom, dated July 12, 2011. If the Court permits the amendment to the Complaint as requested by Plaintiffs, and the defendants are forced to engage in the additional discovery outlined above, this necessarily will result in additional delay in discovery period and future motion practice.

Moreover, should class certification be granted the class would have to be located, notified and certified. The addition of Plaintiff's additional claims, which are unrelated to the claims in the original complaint, will further delay the resolution of this matter. In that event, defendants will need to investigate, take

discovery concerning, and make motions about plaintiff's individuals claims, which are not germane to the proposed class action.

Permitting this amendment would cause delay in the class certification, discovery and trial phases of this litigation and, therefore, would unduly prejudice defendants. This would create an additional hardship on Purvis and Hester who, as outlined below can have no personal liability in the wage and hour dispute causes of action Plaintiff is now attempting to assert in her Second Amended Complaint. Hester and Purvis are completely innocent of the allegations contained in the plaintiff's first amended complaint and have the right to clear their name and not have this case hanging over their heads for an extended period of time as the Plaintiff adds more and more unfounded and unsustainable claims. The court must consider the stress this is causing them and not prolong this matter any longer than it currently will, especially when the amended complaint is clearly without any merit and futile as against them.

## POINT IV - Plaintiff's proposed amended causes of actions are all futile

### a. Hester and Purvis are not "Joint Employers"

To determine whether an entity or an individual is an 'employer' under the FLSA, courts look to the 'economic reality' of the employment relationship instead of a common-law conception of agency. see *Gorey v Manhein Services Corp., 788 Fsupp2d 200 (SDNY 2011)*

First, courts "examine the degree of formal control exercised over a worker," Barfield, 537 F.3d at 143, by considering whether the alleged employer "(1) had the

power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records," *Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir.1984) If a court finds that a putative employer does not exercise formal control over a worker, it must then assess whether the entity "nevertheless exercised functional control over a worker," *Barfield,* 537 F.3d at 143, by considering (1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant, *see Zheng,* 355 F.3d at 72; *Barfield,* 537 F.3d at 143. No one factor is dispositive, and a court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng,* 355 F.3d at 71–72.

Hester and Purvis relationship to Pelican or the Plaintiff does not satisfy any of the indicia required to find them "joint employers" as proposed by Plaintiff. Both Purvis and Hester were employees of Pelican at all relevant times. They received hourly wage for their services. They did not share in any of Pelican's profits. They had no ability to hire or fire. They did not set wages, work h any policies on behalf of Pelican for the Plaintiff. They did not supply equipment and they did not maintain any employee records or benefits. Accordingly, applying the Economic

Reality Test confirms that they were not plaintiff's employer at any time and accordingly, the proposed causes of action for wages or overtime under FLSA or NYLL would be futile and should not be permitted.

### b. Getting dressed was not integral and indispensible to the Pelican's principal activities

The Portal–to–Portal Act, significantly limits an employer's liability for activities before or after the main part of the employee's workday. 29 U.S.C. § 254. The Act provides that employers are not required to compensate employees for activities which such employee is employed to perform, and which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

Pelican longstanding policy is that employees must be dressed and ready to perform their duties at the beginning of their shift. Security officers are required to be dressed in the company's security uniform which consist of a shirt, pants, hat, belt, badge shoes and, if appropriate, jacket. There is no requirement that the employees must change at the property in the security locker room. Employees may change at home and come to the job site dressed in their uniform. The court should note that even under Purvis's deposition testimony the donning of uniform occurred prior to any of Plaintiff's principal activities related to her work took place.

The Department of Labor's position on donning and doffing is "if employees have the option and the ability to change into the required gear at home, changing

into that gear is not a principal activity, even when it takes place at the plant." *Wage & Hour Adv. Mem. No. 2006–2 (May 31, 2006)*. In one decision the Court held that a 8-15 minute period of donning and doffing was not time for which the employees was required to be compensated. See *Albrecht v Wackenhut Corp., 379 FedAppx. 65 (2ⁿᵈ Cir. 2010). See also Haight v Wackenhut Corp., 692 F.supp.2d 339 (S.D.N.Y 2010); Adams v Alcoa, Inc.  822 F.Supp2d 156 (N.D.N.Y. 2011)*

The Courts have also observed that NYLL should be read like the FLSA so that the same rule applies under the cited New York Statutes.

Accordingly, since Plaintiff, and all employees, have the ability to change clothes at home they should not be compensated for the time it takes to do so. In that situation, donning a work uniform is analogous to putting on appropriate clothes for work, which nearly all employees do without compensation every day. The task of donning a security uniform, consisting of issued pants, shirt, footwear, a nameplate, insignia and belt, is not significantly different or more burdensome than putting on any other work-appropriate outfit, such as a business suit or a McDonald's uniform.

These items are generic protective gear that the 2nd circuit has held to be non-integral and non-unique and non-compensable under FLSA. see Gorman v The Consolidated Edison Corporation,  488 F3rd 586 (2nd Cir. 2007)

To state a claim for a violation of the FLSA, Plaintiffs must adequately plead that: (1) Plaintiffs were employed by Defendants; (2) Defendants are engaged in commerce; and (3) Defendants failed to pay Plaintiffs for compensable hours worked. 29 U.S.C. § 207(a)(1). Defendants do not contest that they are engaged in

commerce. However, Defendants argue that the FLSA claims must be dismissed because the plaintiff failed to sufficiently plead that Plaintiffs performed any compensable work for which they were entitled to compensation under the FLSA but for which they were not properly compensated.

### c.  Plaintiff's claims are barred by the FLSA Statute of Limitations

The Fair Labor Standards Act (FLSA) requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years.

A cause of action under FLSA accrues when the employer fails to pay the required compensation for any work week at the regular pay day for the period in which the work week ends.   29  CFR §790.21(b)

An action is "willful" if there is substantial evidence that the employer "knew or suspected that his actions might violate the FLSA.  In *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 the United States Supreme Court held that the standard of willfulness is that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA- must be satisfied in order for the 3-year statute of limitations to apply.

To demonstrate willfulness, the Plaintiff relies solely on the conclusory assertions in its proposed amended complaint.  They have not identified any evidence that defendant had actual knowledge or acted with reckless disregard for its obligations under the *FLSA Clarke v JP Morgan Chase Bank, NA* 08 Civ 2400(CM) 2010 WL 1379778at 10-11 (SDNY March 26 2010).  In fact plaintiff has offered no

proof of her own.  There is no affidavit from plaintiff attesting to any of the allegations although, had they occurred, they would be in plaintiff's purview.

Plaintiff's last day that she physically worked for Pelican was September 13, 2009.  Since there is no proof of the willfulness and in any event the Portal to Portal Law prohibits this conduct in any event, the two statute of limitations has expired as Plaintiff's claim is barred since her last day she maintained a position was December 2009 and more than two years has lapsed rendering her claim barred.

In addition, plaintiff attempts to slip in unnoticed and not commented upon or supported in the motion papers, two additional causes of action, specifically Cause of Action #12 for No posting of required wage and hour posters is  a desperate attempt to show she was  not on notice of the law.  This appears to be an attempt by plaintiff to toll the statute of limitations by claiming the Defendant's intentional concealment of the plaintiff's rights.  This is a futile attempt to extend the statute of limitations.   First, ignorance of the law is an unsatisfactory excuse.  Cresswell v Sullivan & Cromwell 922 F2d 60 (2nd Cir 1990).   In addition, as stated in the affidavits of Human Rights Director Richard Marynowksi and Captain of Security Christopher Cordes the posting requirement was fulfilled at all times, as the posting was hung at all relevant times in the security locker room, as well as the maintenance worker locker room and the coffee break room for the administrative staff.

The relevant question is whether a reasonable plaintiff in the circumstances would have been aware of its rights.  There has been no fraudulent concealment and

therefore the statute of limitations cannot be tolled.  Valdez ex rel Donely v United States 518 F 3rd 173 (2nd Cir. 2008)

Additionally, pursuant to FRCP 15(c) Relation Back of Amendments. "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading...."

Courts do not permit the use of Rule 15(c) to add allegations concerning an entirely different transaction or set of facts see Forzley v AVCO Corp Electronics Division 826 F2d 974 (11th Cir 1987).   An amendment which states an entirely new claim for relief based on different facts will not relate back.  Courts have declined to apply the relation back doctrine to allow the addition of new claims for relief based on a transaction or event not included in the original pleading.   *Contemporary Mission Inc v New York Times Co* 665 FSupp 248 (SDNY 1987)

The original and amended complaint address only causes of action related to hostile work environment and discrimination.   The additional causes of actions proposed in the new complaint arise out of a completely different set of facts and deal with a completely different statute and legal theory which would be barred by the statue of limitations and would not relate back.  Accordingly, the amendment of the Complaint to add them would be futile.

### d. Plaintiff's FLSA and NYLL are futile even if everything in her proposed additional causes of action are accurate

The central provisions of the FLSA are its minimum wage and maximum hour provisions. 29 U.S.C. §§ 206-07. Section 206 mandates that an employer pay each employee a minimum hourly wage. 29 U.S.C. §§ 203, 206. Section 207 requires that an employer pay overtime at a rate of one and a half times an employee's regular rate for all hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). An employee's regular rate of pay is the employee's average hourly wage for non-overtime hours.

First, an employee cannot state a claim under the FLSA if her average wage, *for a period in which she worked no overtime,* exceeds the minimum wage. *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 494 (2d Cir.1961); *Blankenship v. Thurston Motor Lines, Inc.,* 415 F.2d 1193, 1198 (4th Cir.1969); *Hensley v. MacMillan Bloedel Containers,* 786 F.2d 353, 357 (8th Cir.1986). This is because the premium overtime requirements of the FLSA do not apply until an employee has worked in excess of the statutory overtime requirement of 40 hours per week.

Effective January 1, 2009, Plaintiff received an hourly wage of 13.00 per hour (prior to January 1, 2009 Plaintiff received an hourly wage of $12.00 per hour). Plaintiff's proposed 7th , 8th , 9th  and 10th causes of action  charges violations of FLSA and NYLL regarding minimum wage and overtime.  However, if the total wage paid to plaintiff during any given week is divided by the total time she worked that week, the resulting average hourly wage exceeds the minimum wage.

Even if Plaintiff was to prevail on her 15 minute/day claim the amount she was paid on an hourly rate was more than double the New York State Minimum Wage Rate. Accordingly, the additional 1.25 hours per week of time Plaintiff is

looking to be compensated would reduce her weekly pay from $13.00 per hour to approximately $12.60 per hour which is $5.00 per hour more than the New York State Minimum Wage rate at the time of $7.15 and $7.25 respectively.

Plaintiff also ignores fact that she (along with all security officers at the property) only worked 37.5 hours per week on her regular shifts and were given a paid meal break of thirty minutes per shift. Accordingly, the 15 additional minutes per day she wrongfully claims are due would still render her work week less than the statutory 40 hour maximum wage when overtime compensation would be achieved.

Accordingly, her claims for relief under FLSA and NYLL would be futile.


**POINT V- Plaintiff's proposed amendment is in Bad Faith**

Plaintiff does not submit any documentation of proof whatsoever regarding its causes of action Number 12 (No Posting of Cause of Action for New York Labor Law) or Cause of Action Number 11, (Failure to maintain employee records) These two causes of action are clearly refuted in the Affidavits of Richard Marynowski and Christopher Cordes. The attempt to add these futile causes of action demonstrate Bad Faith and a clear motive on the part of the Plaintiff's to cause the Defendants to needlessly incur additional cost and attorney fees. In fact plaintiff offers no sworn statement to support these newly raised allegations all of which should have been in her purview. The Courts have held that ignorance of the law is not an excuse to a protracted delay in seeking amendment. See *Amnay v. Del Labs,* 117 F. Supp. 2d 283,

285 (E.D.N.Y. 2000)

**Point VI: Plaintiff has not established good cause under Federal Rule of Civil Procedure 16(b) for modifying the scheduling order to allow amendments of the Complaint or for the delay in seeking the amendment**

Under Fed. R. Civ. Proc. 16(b)(3)(A), a scheduling order must limit *inter alia,* the time to join other parties and amend the pleadings. By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326 (2d Cir. 2000) *citing* Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)).

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. Proc. 16(b)(4). The "good cause" standard under Fed. R. Civ. Proc. 16(b)(4), rather than the more liberal standard of Rule 15(a) governs a motion to amend filed after the deadline a district court has set for amending the pleadings. *Id.* at 340. "If Rule 15(a) is considered without regard to Rule 16(b), scheduling orders could be rendered meaningless and Rule 16(b) would be rendered nugatory. *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100 (S.D.N.Y. April 9, 2003).

The Second Circuit has emphasized that "the primary consideration" in

determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc,* 496 F.3d 229, 244 (2d Cir. 2007); *see also Parker,* 204 F.3d at 340. "In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Center Inc.,* 215 F.R.D. at 104. "If [a] party was not diligent, the [good cause] inquiry should end." *Rent-A-Center Inc.,* 215 F.R.D. at 104 *citing Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Where the moving party has unduly delayed the burden to jutify the delay shifts to the moving party to justify the delay. *In re Agent Orange Litigation,* 220 FRD 22 ( EDNY 2004)

Failure to establish good cause for the need to file a motion to amend after the deadline set in the scheduling should result in denial of the motion. *See Rent-A-Center Inc.,* 215 F.R.D. at 105.

The Court's scheduling Order, dated July 12, 2011, set a deadline of August 12, 2011 for the filing of motions to join new parties and to amend the pleadings. However, Plaintiff did not file the instant motion until October 3, 2011. Thus, Plaintiff must establish good cause in order for the Court to even consider her arguments under Fed. R. Civ. P. 15(a). *See Trezza v. NRG Energy, Inc.,* 2008 U.S. Dist. LEXIS 15478 (S.D.N.Y. Feb. 28, 2008); *Melvin v. UA Local 13 Pension Plan,* 236 F.R.D. 139 (W.D.N.Y. May 18, 2006); *Covington v. Kid,* 1999 U.S. Dist. LEXIS 64 fn. 1 (S.D.N.Y. Jan. 7, 1999).

However, Plaintiff's brief in support of her motion to amend the complaint fails to take into account the "good cause" requirement under Fed. R. Civ. Proc.

16(b). Plaintiff's brief merely contains an analysis under Fed. R. Civ. Proc. 15. Plaintiff failed to establish, or even assert, good cause for failing to move to timely amend the complaint. Thus, her motion must be denied.

"Ignorance of the law, even in the context of pro se litigants, does not constitute good cause" *Id.* citing *Amnay v. Del Labs,* 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000)

## CONCLUSION

For the reasons set forth here, the Court should deny the Plaintiff's motion to amend the complaint or in the alternative limit the amendment solely to those causes of action that would not be futile to litigate and further relief as to the Court seems just and proper.